FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KO OLINA DEVELOPMENT, LLC, a | ) | CIVIL NO 09-00272 DAE-LEK |
| Delaware limited liability | ) | |
| company, and KO OLINA REALTY, | ) | |
| LLC, A Hawaii limited | ) | |
| liability company, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| CENTEX HOMES, a Nevada | ) | |
| general partnership; JOHN | ) | |
| DOES 1-20; JANE DOES 1-20; | ) | |
| DOE CORPORATIONS and OTHER | ) | |
| ENTITIES 1-20,, | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

On November 12, 2009, Plaintiff Ko Olina Development, LLC and Plaintiff Ko Olina Realty, LLC (collectively "Plaintiffs") filed their Motion to Compel Production of Documents from Defendant Centex Homes ("Motion"). This Court issued its order granting the Motion ("Order") on December 16, 2009. In the Order, this Court awarded Plaintiffs the reasonable attorneys' fees and costs they incurred bringing the Motion. On December 30, 2009, Plaintiffs filed its Declaration of Shyla P.Y. Cockett in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Associated with Its Motion to Compel Production of Documents from Defendant Centex Homes ("Submission"), requesting $14,283.24 in attorneys' fees and $181.80 in costs. Defendant

Centex Homes ("Defendant") filed its objections on January 11, 2010.[1]  After reviewing the parties' submissions, and based on this Court's familiarity with the case, the Court AWARDS Plaintiffs $5,744.50 in attorneys' fees and $95.85 in costs, for a total award of $5,840.35.

### DISCUSSION

Based upon this Court's Order, there is no need to determine whether Plaintiffs are entitled to said fees and costs.[2]

### I.    Calculation of Attorneys' Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras

---

[1] Plaintiffs filed a reply on January 15, 2010, but the Order did not direct Plaintiffs to file a reply, and Plaintiffs did not seek leave to do so.  This Court therefore will not consider Plaintiffs' reply.

[2] The Court notes that Defendant neither moved for reconsideration of this Court's Order nor appealed the Order to the district judge.

<u>Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in <u>Kerr</u> are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following lodestar amount for work they contend is compensable under the terms of the Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Kenneth Marcus | 1.0 | $490 | $    490.00 |
| John Sopuch | 9.5 | $450 | $ 4,275.00 |
| Shyla Cockett | 41.3 | $210 | $ 8,673.00 |
| Diana Roura Puaatuua | 1.5 | $135 | $    202.50 |
| | | Subtotal | $13,640.50 |
| | State Excise Tax of 4.712% | | $    642.74 |
| | **TOTAL REQUESTED LODESTAR** | | **$14,283.24** |

[Exh. B to Submission.]  Mr. Marcus was admitted to the Hawai'i bar in 1990 and the New York bar in 1976.  Mr. Sopuch was admitted to the Hawai'i bar in 2005, the Texas bar in 1999, and the Illinois bar in 1991.  He is also licensed in the United States Virgin Islands.  Ms. Cockett was admitted to the Hawai'i bar in 2007.

Ms. Roura Puaatuua is a paralegal with thirty years of experience as a litigation legal assistant/paralegal. [Submission at ¶ 18.]

A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should

4

reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>;
<u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir.
1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the
rate awarded should reflect "the rates of attorneys practicing in
the forum district").

       In addition to their own statements, attorneys are
required to submit additional evidence that the rates charged are
reasonable.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263
(9th Cir. 1987).  Plaintiffs submitted a 2009 list published by
the Pacific Business News of twenty-five Hawai'i law firms, most
of which provided the range of hourly rates charged by their
partners and associates.  [Exh. C to Submission.]  Defendant
notes that the hourly rates that Plaintiffs request are at the
highest end of the ranges reflected in the list.  [Objections at
3.]

       Based on this Court's knowledge of the prevailing rates
in the community, the prior attorneys' fee awards in this
district, and the submissions in this case, this Court finds that
the requested hourly rates are excessive.  Mr. Marcus has been
licensed to practice law since 1976.  This Court typically awards
attorneys with approximately the same amount of experience
between $280 and $285 per hour.  <u>See</u> <u>Nicholas M. v. Dep't of</u>
<u>Educ., State of Hawaii</u>, CV 09-00162 HG-LEK, Report of Special
Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing

Party and for Award of Attorneys' Fees and Costs, filed 12/3/09
(dkt. no. 17), at 7-9 (requested hourly rate of $285 per hour for
attorney licensed since 1972 was manifestly reasonable);[3] Ware v.
Chertoff, CV 04-00671 HG-LEK, Report of Special Master on
Plaintiff's Motion for Attorney's Fees and Related Non-taxable
Costs, filed 6/27/08 (dkt. no. 249), at 15-17 (attorney admitted
to practice in 1979 requested $350 per hour, but received $280
per hour);[4] and Goray v. Unifund CCR Partners, et al., CV 06-
00214 HG-LEK, Report of Special Master on Plaintiff's Motion for
Attorney's Fees and Costs, filed 6/13/08 (dkt. no. 88), at 9-12
(attorney admitted to practice in 1976 requested $300 per hour,
but received $280).[5]

    The instant Motion was a straightforward discovery
motion that was neither factually nor legally complex.  There is
no reason for this Court to depart from the range of rates that
it typically awards.  This Court therefore finds that $280 is a
reasonable hourly rate for Mr. Marcus.

    Similarly, this Court finds that the requested hourly
rates for Mr. Sopuch and Ms. Cockett exceed the rates typically

---

    [3] The district judge in Nicholas M. adopted this Court's
Report of Special Master on January 21, 2010.

    [4] The district judge in Ware adopted this Court's Report of
Special Master on August 12, 2008.

    [5] The district judge in Goray adopted this Court's Report of
Special Master on July 11, 2008.

awarded for attorneys with comparable experience.  Mr. Sopuch has been practicing for approximately seventeen years and Ms. Cockett has been practicing for two years.  This Court typically awards attorneys with comparable experience to Mr. Sopuch's $260 per hour.  See Bandalan v. Castle & Cooke Resorts, LLC, et al., CV NO. 07-00591 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiff's Counsel, filed 6/30/09 (dkt. no. 36), at 7-10 (attorney who graduated from law school in 1994 and was admitted to the bar in 1996 requested $275 per hour, but received $260);[6] and Horizon Lines, LLC v. Kamuela Dairy, Inc., CV 08-00039 JMS-LEK, Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21) (attorney admitted in 1995 requested $280 and $290 per hour, but was awarded $260).[7]  This Court therefore finds $260 to be a reasonable hourly rate for Mr. Sopuch.

This Court typically awards attorneys with comparable experience to Ms. Cockett's $130 per hour.  See Horizon Lines, Amendment to Findings and Recommendations (attorney admitted in 2007 requested $145 and $150 per hour, but was awarded $130); Won, et al. v. England, et al., CV 07-00606 JMS-LEK, Report of

---

[6] The district judge in Bandalan adopted this Court's Report of Special Master on July 24, 2009.

[7] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

Special Master on Defendant's Motion for Attorney's Fees and Costs, filed 7/15/08 (dkt. no. 84), at 7-8 (attorney admitted in 2006 requested $155, but was awarded $130).[8]  This Court therefore finds $130 to be a reasonable hourly rate for Ms. Cockett.

This Court also notes that Ms. Roura Puaatuua's requested rate is inconsistent with this Court's awards in prior cases for paralegals with lengthy or specialized experience. See, e.g., Nicholas M., Report of Special Master (paralegal requested and received $85 per hour); Won, Report of Special Master (paralegal requested $120 per hour and received $85); Mabson v. Ass'n of Apartment Owners of Maui Kamaole, CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel, filed 2/26/08 (dkt. no. 94) (paralegal requested $125 per hour and received $85).[9]  This Court therefore finds $85 to be a reasonable hourly rate for Ms. Roura Puaatuua.

B. **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested

---

[8] The district judge in Won adopted this Court's Report of Special Master on August 18, 2008.

[9] The district judge in Mabson adopted this Court's Report of Special Master on May 13, 2008.

and are reasonably necessary to achieve the results obtained.
See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,
636 (D. Haw. 1993) (citations omitted).  A court must guard
against awarding fees and costs which are excessive, and must
determine which fees and costs were self-imposed and avoidable.
See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815
F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim
fat' from, or otherwise reduce, the number of hours claimed to
have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp.
1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on
work deemed "excessive, redundant, or otherwise unnecessary"
shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting
Hensley, 461 U.S. at 433-34).

### 1.   Work Not Allowed Under the Order

In the Order, this Court awarded Plaintiffs their
"reasonable attorneys' fees and costs associated with: the
preparation of the Motion; the preparation of the reply; and the
hearing on the Motion."  [Order at 8.]  All time that counsel
spent reviewing Defendant's responses to Plaintiffs' request for
production of documents and conducting the initial communications
with defense counsel about the insufficient production does not
qualify for compensation under the order.  Plaintiffs would have
incurred this review time even if Defendant had responded fully
to the request and, if the initial inquiries to defense counsel

had been successful, Plaintiffs would not have been required to
file the Motion.  This Court will therefore deduct all time
incurred before counsel began drafting the Motion.  The Court
will reduce Ms. Roura Puaatuua's time by 1.5 hours, Ms. Cockett's
time by 0.9 hours, and Mr. Sopuch's time by 0.2 hours.

### 2.   Clerical or Ministerial Tasks

Clerical or ministerial costs are part of an attorneys'
overhead and are reflected in the charged hourly rate.  See,
e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d
538, 549 (E.D. Pa. 2003).  This Court finds that the following
entries reflect clerical or ministerial work: November 23, 2009 -
oversee preparation of binders for upcoming hearing (0.3 hours);
and November 30, 2009 - oversee filing of reply.  [Exh. A to
Submission at 7-8.]  This time must be deducted from Plaintiffs'
request.

Plaintiffs' counsel, however, submitted block billing
entries for their work on the Motion.  "The term 'block billing'
refers to the time-keeping method by which each lawyer and legal
assistant enters the total daily time spent working on a case,
rather than itemizing the time expended on specific tasks."
Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir.
1998) (citations and quotation marks omitted).  Thus, Ms. Cockett
spent a total of 1.1 hours on November 30, 2009 revising the
reply and overseeing the filing of the reply.  This Court cannot

determine exactly how much time Ms. Cockett spent overseeing the filing of the reply and will therefore deduct 0.2 hours from her November 30, 2009 time.  If the filing of the reply did not take that much time, that is the burden that Plaintiffs must bear for failing to submit more detailed billing records.

The Court cautions Plaintiffs that, if they submit further requests for attorneys' fees in this case, they should not submit time records employing block billing.  If they do, this Court may impose a percentage reduction to all entries to account for the fact that block billing prevents the Court from reviewing the reasonableness of the amount of time spent on each task.

The Court will deduct a total of 0.5 hours from Ms. Cockett's time for clerical work.

### 3.   Inadequately Described Work

Mr. Sopuch billed 0.4 hours on November 11, 2009 for work described as "pursue matters relating to motion to compel and stipulation".  [Exh. A to Submission at 4.]  Counsel did not provide sufficient information about these tasks for this Court to determine if the work was reasonable and necessary to the Motion.  This Court will therefore deduct 0.4 hours from Mr. Sopuch's time.

### 4.   Duplicative Work

Mr. Marcus spent 1.0 hour on November 30, 2009

reviewing Defendant's opposition to the Motion.  This was the same date that Mr. Sopuch and Ms. Cockett completed the reply. [Id. at 8.]  Mr. Marcus' time is duplicative of Mr. Sopuch's and Ms. Cockett's review of the opposition on November 25, 2009, and November 28, 2009, respectively.  It also appears unnecessary because Mr. Marcus neither worked on the reply nor argued the Motion.  This Court will therefore deduct 1.0 hour from Mr. Marcus' time.

Ms. Cockett requests 2.5 hours spent on December 2, 2009 preparing for and attending the hearing on the Motion.  This is duplicative of the time that Mr. Sopuch spent preparing for and attending the hearing.  Insofar as Mr. Sopuch actually argued the Motion, this Court finds that Ms. Cockett's time is not compensable and will deduct 2.5 hours from her time.

### 5. <u>Excessive Hours</u>

This Court agrees with Defendant that the number of requested hours is excessive.  Specifically, this Court finds that the amount of time Ms. Cockett spent on the Motion was excessive.  This Court has attempted to determine a reasonable amount that should be attributed to each of the tasks that Ms. Cockett performed, but this Court can only estimate the amount of time spent on each task because of counsel's block billing.  Based on this Court's best estimate, the Court finds that 13.0 hours of Ms. Cockett's time was excessive and will

deduct that time from her total.

The Court finds that the remainder of counsel's time was reasonably necessary to bring the Motion and is compensable under the Order.

**C.    Total Lodestar Award**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Kenneth Marcus | 0.0 | $280 | $    0.00 |
| John Sopuch | 8.9 | $260 | $2,314.00 |
| Shyla Cockett | 24.4 | $130 | $3,172.00 |
| Diana Roura Puaatuua | 0.0 | $ 85 | $    0.00 |
| | | Subtotal | $5,486.00 |
| | | State Excise Tax of 4.712% | $  258.50 |
| | | **TOTAL** | **$5,744.50** |

The Court declines to adjust the award based on the remaining Kerr factors.

**II.   Calculation of Cost Award**

Pursuant to the Order, Plaintiffs are entitled to their reasonable costs incurred in bringing the Motion.  [Order at 15.] Plaintiffs seek $181.80, consisting of $171.90 for in-house copying costs and $9.90 for postage.  [Submission at ¶ 25.] Plaintiffs' counsel made 1146 copies at $0.15 per page.  This

13

represents six sets of copies of "the pleadings" – two courtesy copies for the Court, two for Defendant, one for Plaintiffs, and one for counsel's files.  Each set is 191 pages.  [Id.]  This Court assumes by "pleadings" counsel means the documents relevant to the Motion, *i.e.* the Motion, the motion to shorten time for hearing on the Motion, and the reply.[10]

It is the practice of the district court to award in-house copying costs of up to $0.15 per page.  See Local Rule LR54.2(f)(4).  Although Local Rule 54.2 applies to the taxation of costs, this Court generally applies the requirements of Local Rule 54.2(f)(4) to all requests for copying costs.  Local Rule 54.2(f)(4) also states that "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable."  This Court will therefore disallow the cost of the copies that counsel made for Plaintiffs and counsel's files.  Counsel also made two copies for Defendant.  According to the Certificates of Service, Plaintiffs mailed a copy of the Motion and a copy the motion to shorten time, and hand delivered a copy of the reply, to Defendant's counsel, even though Plaintiffs served Defendant's counsel via cm/ecf.  This Court

---

[10] The Court notes that the Motion was 151 pages, the reply was 13 pages, and the motion to shorten time was 13 pages.  This is only 189 pages.  The Court assumes that the remaining two pages may have been the cm/ecf filing notices, which are commonly attached to courtesy copies.  The Court would not be forced to make such assumptions if counsel provided more information about the requested costs.

14

therefore finds that the set of copies to Defendant's counsel was not reasonably necessary.  Plaintiffs also mailed a set of copies to Imanaka, Kudo & Fujimoto, who are Defendant's counsel, although they are not counsel of record in this case.  Apparently at Defendant's request, Plaintiffs are serving Imanaka, Kudo & Fujimoto with a copy of all documents in this case.

This Court finds that the cost of the two court courtesy copies and the copy for Imanaka, Kudo & Fujimoto were reasonably necessary and compensable under the Order.  The Court will therefore award Plaintiffs in-house copying costs for 3 sets of 191 pages at $0.15 per page, for a total of $85.95

This Court also finds that Plaintiffs' costs to mail documents to Imanaka, Kudo & Fujimoto is also compensable under the Order.  The Court will therefore award Plaintiffs postage costs of $9.90, for a total award of $95.85.

## CONCLUSION

On the basis of the foregoing, this Court AWARDS Plaintiffs $5,744.50 in attorneys' fees and $95.85 in costs, for a total award of $5,840.35.  The Court ORDERS Defendant to pay this amount to Plaintiffs' counsel by no later than **March 24, 2010**.

IT IS SO ORDERED.

15

DATED AT HONOLULU, HAWAII, February 9, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**KO OLINA DEVELOPMENT, LLC, ETC. V. CENTEX HOMES, ET AL; CIVIL NO. 09-00272 DAE-LEK; ORDER AWARDING ATTORNEYS' FEES AND COSTS**