FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KO OLINA DEVELOPMENT, LLC, a Delaware limited liability company, and KO OLINA REALTY, LLC, A Hawaii limited liability company,<br><br>      Plaintiff,<br><br>  vs.<br><br>CENTEX HOMES, a Nevada general partnership; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS and OTHER ENTITIES 1-20,,<br><br>      Defendant. | CIVIL NO 09-00272 DAE-LEK |

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

On March 19, 2010, Plaintiff Ko Olina Development, LLC and Plaintiff Ko Olina Realty, LLC (collectively "Plaintiffs") filed their Second Motion to Compel Production of Documents from Defendant Centex Homes ("Motion"). This Court issued its order granting the Motion ("Order") on April 30, 2010. In the Order, this Court awarded Plaintiffs the reasonable attorneys' fees and costs incurred in taking the Fed. R. Civ. P. 30(b)(6) deposition addressed in the Motion. On August 23, 2010, Plaintiffs filed its Declaration of Shyla P.Y. Cockett in Support of Plaintiffs' Submission for Attorneys' Fees and Costs Associated with the 30(b)(6) Deposition Taken June 24, 2010 ("Submission"), requesting $1,821.47 in attorneys' fees and $209.93 in costs. Defendant Centex Homes ("Defendant") did not file a response to

the Submission.  After reviewing Plaintiffs' Submission, and based on this Court's familiarity with the case, the Court AWARDS Plaintiffs $1,225.13 in attorneys' fees and $209.93 in costs, for a total award of $1,435.06.

## DISCUSSION

Based upon this Court's Order, there is no need to determine whether Plaintiffs are entitled to said fees and costs.[1]

### I. Calculation of Attorneys' Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

---

[1] The Court notes that Defendant neither moved for reconsideration of this Court's Order nor filed an appeal from the Order to the district judge.

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following lodestar amount for work they contend is compensable under the terms of the Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Sopuch | 4.5 | $260 | $1,170.00 |

| | | |
|---|---|---|
| Diana Roura Puaatuua 6.7 | $ 85 | <u>$   569.50</u> |
| | Subtotal | $1,739.50 |
| State Excise Tax of 4.712% | | $    81.97 |
| **TOTAL REQUESTED LODESTAR** | | **<u>$1,821.47</u>** |

[Submission at ¶ 16, Exh. A.]  Mr. Sopuch was admitted to the Hawai`i bar in 2005, the Texas bar in 1999, and the Illinois bar in 1991.  He is also licensed in the United States Virgin Islands.

Ms. Roura Puaatuua is a paralegal with over thirty years of experience as a litigation legal assistant/paralegal.  [Submission at ¶ 15.]

### A.  <u>Reasonable Hourly Rate</u>

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263

(9th Cir. 1987).  Plaintiffs state that Mr. Sopuch's hourly rate in this matter was $450.00, and Ms. Roura Puaatuua's hourly rate was $135.00.  [Submission at ¶ 7.]  Plaintiffs acknowledge that this Court previously found that $260.00 was a reasonable hourly rate for Mr. Sopuch and that $85.00 was a reasonable hourly rate for Ms. Roura Puaatuua.  Plaintiffs request an award based on this Court's previously determined rates.  [Id. at 16; Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 7-8.[2]]

Based on this Court's knowledge of the prevailing rates in the community and the prior attorneys' fee award in this case, this Court finds that the requested hourly rates of $260.00 for Mr. Sopuch and $85.00 for Ms. Roura Puaatuua are manifestly reasonable.

**B.   Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard

---

[2] The Court notes that Plaintiffs neither moved for reconsideration of this Court's Order Awarding Attorneys' Fees and Costs nor filed an appeal from the order to the district judge.

against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

In the Order, this Court awarded Plaintiffs their "reasonable attorney's fees (for one attorney) incurred in taking the Rule 30(b)(6) deposition, and the cost of the deposition; specifically, the cost of the court reporter, and a original transcript plus a copy." [Order at 2.]  Insofar as the award was limited to the fees incurred by one attorney, this Court finds that the time incurred by Ms. Roura Puaatuua, even assuming *arguendo* that it was associated with the Rule 30(b)(6) deposition, is not compensable.  The Court finds that the time incurred by Mr. Sopuch to prepare for and take the deposition was manifestly reasonable and compensable under the Order.

    C.    **Total Lodestar Award**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of

attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| John Sopuch | 4.5 | $260 | $1,170.00 |
| | State Excise Tax of 4.712% | | $   55.13 |
| | | **TOTAL** | **$1,225.13** |

The Court declines to adjust the award based on the remaining Kerr factors.

## II.  Calculation of Cost Award

Pursuant to the Order, Plaintiffs are entitled to their reasonable costs incurred in taking the Rule 30(b)(6) deposition, specifically, the court reporter's fees and the cost of the original transcript and one copy.  [Order at 2.]  Plaintiffs seek $209.93 and submitted the invoice for the court reporter's services, plus one original and one copy of the deposition transcript.  [Submission at ¶ 17; Exh. B.]  The Court finds that Plaintiffs' deposition costs were reasonable and compensable under the Order.  The Court therefore awards Plaintiffs' requested costs in full.

## CONCLUSION

On the basis of the foregoing, this Court AWARDS Plaintiffs $1,225.13 in attorneys' fees and $209.93 in costs, for a total award of $1,435.06.  The Court ORDERS Defendant to pay this amount to Plaintiffs' counsel by no later than **November 12, 2010.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 27, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**KO OLINA DEVELOPMENT, LLC, ETC. V. CENTEX HOMES, ET AL; CIVIL NO. 09-00272 DAE-LEK; ORDER AWARDING ATTORNEYS' FEES AND COSTS**