IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KO OLINA DEVELOPMENT, LLC, ) <br> a Delaware limited liability company, ) <br> ) <br> Plaintiff,          ) <br> ) <br> vs.                 ) <br> ) <br> CENTEX HOMES, a Nevada general ) <br> partnership, JOHN DOES 1-20;   ) <br> JANE DOES 1-20; DOE            ) <br> CORPORATIONS and OTHER         ) <br> ENTITIES 1-20,                 ) <br> ) <br> Defendants.       ) <br> _____  ) <br> ) | CIV. NO. 09-00272 DAE-LEK |

ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION; (2) WITHDRAWING FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED AUGUST 26, 2010; AND (3) SUBSTITUTING FINDINGS OF FACT AND CONCLUSIONS OF LAW <u>CONTEMPORANEOUS WITH THIS ORDER</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting and opposing memoranda, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Reconsideration. (Doc. # 370.) Accordingly, the Court **WITHDRAWS** its Findings of Fact and Conclusions of

Law, originally filed August 26, 2010 (Doc. # 352) and **SUBSTITUTES** the Findings of Fact and Conclusions of Law filed simultaneously herewith.

## BACKGROUND

Plaintiff Ko Olina Development, LLC ("KOD" or "Plaintiff"), Defendant Centex Homes ("Centex" or "Defendant"), and the Court are all very familiar with the issues in this case. Accordingly, the Court only recites those facts that are relevant to determination of the instant motion. On August 13, 2009, this Court filed an Order Denying Plaintiffs'[1] Motion for a Preliminary Injunction ("PI Order"). ("PI Order," Doc. # 49.) On September 15, 2009, this Court filed an Order Denying Plaintiffs' Motion for Reconsideration of the PI Order ("PI Reconsideration Order"). ("PI Recon. Order," Doc. # 68.)

On June 8, 2010, this Court filed an Order: (1) Granting in Part and Denying in Part Without Prejudice Centex's Motion for Summary Judgment; (2) Denying Without Prejudice KOD'S First Motion for Partial Summary Judgment; (3) Denying KOD's Second Motion for Partial Summary Judgment; and (4) Denying without Prejudice KOD's Third Motion for Summary Judgment. (Doc.

---

[1] Ko Olina Realty, LLC ("KOR") was originally a second plaintiff in this action but was terminated on October 16, 2009 upon the filing of KOD's Second Amended Complaint. Despite the termination of KOR as a plaintiff, and KOR's absence from the Second Amended Complaint, KOR is often referred to as an additional plaintiff.

# 254.) This action proceeded to trial, and the Court tried the case without a jury on August 3 - 6, 2010. On August 26, 2010, this Court filed its Findings of Fact and Conclusions of Law ("FFCL"). ("FFCL, Doc. # 352.)

On August 30, 2010, Plaintiff filed a Motion to Stay the effect of Judgment and this Court's FFCL. (Doc. # 354.) On September 28, 2010, this Court filed an Order Denying Plaintiff's Motion for Stay. (Doc. # 378.) On September 15, 2010, Plaintiff filed a Motion for Reconsideration of the FFCL ("Motion"). ("Mot.," Doc. # 370-1.) On September 22, 2010, Defendant filed an Opposition to Plaintiff's Motion.[2] ("Opp'n," Doc. # 373.) On October 7, 2010, Plaintiff filed a Reply in support of its Motion. ("Reply, Doc. # 381.)

## STANDARD OF REVIEW

Plaintiff filed the instant Motion to Reconsider pursuant to Federal Rule of Civil Procedure ("Rule") 59 and Local Rule 60.1. The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).

---

[2] By its Opposition, Defendant failed to directly address any of Plaintiff's grounds for reconsideration.

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994) (citation omitted). Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citations omitted); Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

Rule 59 was adopted to "'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." White v. N.H. Dep't of Emp't Sec., 455 U.S. 445 (1982). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court: (1) is presented with newly discovered evidence; (2) has committed clear error; or (3) if there is an intervening change in the controlling

law.  389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

Rule 60(b) also provides that the Court may grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence;
(3) fraud, misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; or
(6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell, 872 F. Supp. at 758.  The District of Hawai`i has implemented these federal standards in its Local Rule 60.1.  Reliance Insurance Co. v. The Doctors Company, 299 F. Supp. 2d 1131 (D. Haw. 2003). Under Local Rule 60.1, motions for reconsideration may be brought only upon the following grounds:

(a) discovery of new material facts previously not available;
(b) intervening change in law;
(c) manifest error of law or fact.

A motion for reconsideration must "[f]irst . . . demonstrate some reason why the court should reconsider its prior decision.  Second, a motion for

reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (internal citations omitted).  Here, Plaintiff asserts that reconsideration is appropriate based upon Rule 59(e) and Local Rule 60.1(c) "manifest error of law or fact."

## DISCUSSION

Plaintiff requests that this Court reconsider and amend the FFCL as follows:

> (1 ) That the term "KOD Commercial Apartments" as used in the Right of First Refusal, Purchase Option, Agreement to Lease, as amended ("ROFR") includes the exclusive use by Plaintiff[] of the easements that are appurtenant to each "KOD Commercial Apartment";
>
> (2) That, because of (1) above, Centex is precluded from imposing conditions upon the "KOD Commercial Apartments" or the "exclusive easements" that would alter the nature of the "exclusive easements" appurtenant to the "KOD Commercial Apartments" in any manner; and
>
> (3) That Section l7 of the ROFR constitutes an option, not merely a right of first refusal in favor of KOD.

(Mot. at 4-5.)  Specifically, Plaintiff asserts that this Court erroneously viewed this case as one in which Plaintiff sought to obtain ownership (or the fee to) the limited common elements by virtue of the ROFR and not one where Plaintiff instead

6

sought a finding that, pursuant to the ROFR, Plaintiff's right to purchase the KOD Commercial Apartments included the right to exclusive use of the easements appurtenant to those apartments on the day on which Plaintiff acquired the option. (Mot. at 1-2.)

The issues as presented in the pleadings, briefings and at trial caused confusion as to the ultimate objectives of the parties. However, this Court's past orders, in particular the Court's PI Order and PI Reconsideration Order, indicate the basis for the Court's new findings as is clarified in the substituted Findings of Fact and Conclusions of Law. The substituted Findings of Fact and Conclusions of Law shall serve as this Court's determination of the issues raised by Plaintiff's Motion for Reconsideration and the trial on the merits of this action.

## CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Reconsideration. (Doc. # 370.) Accordingly, the Court **WITHDRAWS** its Findings of Fact and Conclusions of Law, originally filed

August 26, 2010 (Doc. # 352) and **SUBSTITUTES** the Findings of Fact and

Conclusions of Law filed simultaneous herewith.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai`i, October 29, 2010.

_____
David Alan Ezra
United States District Judge

Ko Olina Development, LLC v. Centex Homes, et al., Civ. No. 09-00272 DAE-LEK; ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION; (2) WITHDRAWING FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED AUGUST 26, 2010; AND (3) SUBSTITUTING FINDINGS OF FACT AND CONCLUSIONS OF LAW CONTEMPORANEOUS WITH THIS ORDER