IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KO OLINA DEVELOPMENT, LLC, )<br>a Delaware limited liability company, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>CENTEX HOMES, a Nevada general )<br>partnership, JOHN DOES 1-20; )<br>JANE DOES 1-20; DOE )<br>CORPORATIONS and OTHER )<br>ENTITIES 1-20, )<br>)<br>      Defendants. )<br>_____ ) | CV. NO. 09-00272 DAE-LEK |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court **DENIES** Defendant's Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Enforce Findings of Fact, Conclusions of Law and Judgment. (Doc. # 419.)

BACKGROUND

Plaintiff Ko Olina Development, LLC ("KOD" or "Plaintiff"), Defendant Centex Homes ("Centex" or "Defendant"), and the Court are all familiar with the issues in this case. Accordingly, the Court only recites those facts relevant to determination of the instant motion. The Court tried this case without a jury August 3–6, 2010. On October 29, 2010, following Plaintiff's Motion for Reconsideration of the Court's original Findings of Fact and Conclusions of Law, the Court filed an Order: (1) Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration; (2) Withdrawing Findings of Fact and Conclusions of Law Filed August 26, 2010; and (3) Substituting Findings of Fact and Conclusions of Law Contemporaneous with this Order. (Doc. # 385.) On the same day, this Court filed Findings of Fact and Conclusions of Law ("FFCL"), which constitute the Court's determination of this action. ("FFCL," Doc. # 386.) On November 1, 2010, Plaintiff filed a Notice of Appeal as to the FFCL and several of the Court's pre-trial orders, to the extent that they find in favor of Defendant. (Doc. # 392.)

The FFCL determined, inter alia, that Section 17 of the Right of First Refusal, Purchase Option, Agreement of Lease ("ROFR") (Joint Ex. 510), as

established by the Second Amendment to the ROFR (Joint Ex. 531), provided Plaintiff with an option, not a right of first refusal, to purchase the "KOD Commercial Apartments."[1] (FFCL ¶¶ 116–20.) Section 17 of the ROFR directs Defendant to present an offer to the Association of Apartment Owners ("AOAO") for the AOAO to purchase the KOD Commercial Apartments for a purchase price of $1 ("AOAO Offer") within thirty days after the earliest of: (1) the closing of sale of the final residential condominium; (2) December 31, 2012; (3) termination of the resort management agreement or the hospitality services agreements; or (4) at least forty-five days prior to an offer of the KOD Commercial Apartments for sale to a third party. (Joint Ex. 531 ¶ 3; FFCL ¶ 118.) The AOAO Offer triggers Plaintiff's purchase rights "as set forth in Section 1 of [the ROFR] and in accordance with subsection 1(c) thereof." (Joint Ex. 531 ¶ 3; see FFCL ¶¶ 118–20.)

On November 16, 2010, following the closing of sale of the final residential condominium, Defendant submitted an "AOAO Offer" (Mot. Enforce Ex. 4-B) and "Sale Notice" (id. Ex. 4-C) as contemplated by Section 17. The

---

[1] "KOD Commercial Apartments" refers to those commercial apartments designated as CA-1, CA-2, CA-3, CA-B, and CA-C within the Ko Olina Beach Villas. (Joint Ex. 531.)

AOAO Offer imposes certain terms and conditions on the sale, namely: (1) that the KOD Commercial Apartments will be subject to the Declaration of Covenants, Conditions and Restrictions Regarding Beach Villas at Ko Olina Commercial Apartments; Waiver of Rights (the "Commercial Declaration") (Mot. Enforce Exs. 4-B ¶¶ 6, 4-C); and (2) that Defendant will assign administrative and management control over the KOD Commercial Apartments to AOAO (the "Assignment of Developer's Rights") (id. Ex. 4-B ¶¶ 7, 4-D).[2]

On November 19, 2010, Plaintiff filed in this Court a Motion to Enforce Findings of Fact and Conclusions of Law and Judgment ("Motion to Enforce"), which objected to the inclusion of the Commercial Declaration and the Assignment of Developer's Rights in the AOAO Offer.[3] ("Mot. Enforce," Doc.

---

[2] The Commercial Declaration and the Assignment of Developer's Rights are incorporated into the Sale Notice by virtue of paragraph 10(a) of the Sale Notice, which provides as follows: "If KOD elects to purchase one or more of the Commercial Apartments, KOD shall do so on the following Terms: The terms contained in the AOAO Offer, attached hereto, including, without limitation, the acceptance of all documents appended thereto and comprising the AOAO Offer." (Mot. Enforce Ex. 4-A ¶ 10(a).)

[3] On November 19, 2010, Plaintiff also filed an Ex Parte Motion to Shorten Time for Hearing on the Motion ("Motion to Shorten Time"). (Doc. # 406.) In the Motion to Shorten Time, Plaintiff asserted that because it had to exercise its purchase rights under the option on or before January 16, 2011, the Motion should be heard on an expedited basis. (Id. at 2.) On October 22, 2010, for good cause shown, the Court granted the Motion to Shorten Time. (Doc. # 409.)

# 405.) Specifically, Plaintiff requested that the Court issue an order compelling Defendant to: "(1) remove the [Commercial] Declaration from the AOAO Offer, (2) remove the Assignment of Developer's Rights from the AOAO Offer, and (3) sell the unencumbered KOD Commercial Apartments to KOD pursuant to KOD's purchase option under Section 17." (Id. at 2–3.)

On November 30, 2010, the Court issued an order granting Plaintiff's Motion to Enforce ("Enforcement Order"). ("Enforce. Order," Doc. # 416.) The Court found that Defendant could not "impose the Commercial Declaration and the Assignment of Developer's Rights on Plaintiff's purchase of the KOD Commercial Apartments." (Id. at 10–11.) Accordingly, the Court ordered Defendant to sell the unencumbered KOD Commercial Apartments to Plaintiff without any additional conditions. (Id. at 14.)

On December 10, 2010, Defendant filed a Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Enforce Findings of Fact, Conclusions of Law and Judgment ("Motion"), contending that the Enforcement Order "proceeded to expand upon the [FFCL] by considering new evidence and interpreting the ROFR contract between the two parties to reach conclusions that

were never considered in the [FFCL]."[4] ("Mot.," Doc. # 419, at 3.) On December 23, 2010, Plaintiff filed an Opposition to the Motion. ("Opp'n," Doc. # 426.) On January 4, 2011, Defendant filed a Reply. ("Reply," Doc. # 427.) On January 6, 2011, Defendant filed a Supplemental Reply informing the Court that the Sale of the KOD Commercial Apartments was effectuated as contemplated by the Enforcement Order. ("Supp. Reply," Doc. # 428.)

DISCUSSION

As a general rule, once a notice of appeal is filed, a district court is divested of jurisdiction over the matters being appealed. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Natural Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). This rule is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." Matter of Thorp, 655 F.2d 997, 998 (9th Cir. 1981) (citations and quotations omitted); Sw. Marine Inc., 242 F.3d at 1166. This rule is not, however, absolute. In re Padilla, 222 F.3d

---

[4] It is curious that Defendant now makes this argument. At the hearing, the Court raised this exact issue and counsel for Defendant chose not to argue it. Further, in its Opposition to the Motion to Enforce, Defendant argued that the Court should look to Article XXIV of the Amended and Restated Declaration of Condominium Property Regime of Beach Villas at Ko Olina to determine it could attach conditions to the AOAO Offer. (See Enforce. Order at 13.)

1184, 1190 (9th Cir. 2000). For instance, a district court has jurisdiction to take actions that preserve the status quo. Sw. Marine Inc., 242 F.3d at 1166. A district court also "retains jurisdiction to implement or enforce [its] judgment or order but may not alter or expand upon the Judgment. In re Padilla, 222 F.3d at 1190.

As a preliminary matter, Defendant's argument that the Court cannot consider "new evidence" in a motion to enforce a judgment that a party has appealed is without merit. Specifically, Defendant takes issue with the Court's consideration of the terms and conditions Defendant attached to the AOAO Offer in the Enforcement Order. (Reply at 7.)

In the Ninth Circuit's decision In re Rains, a bankruptcy court determined a settlement agreement between a debtor and trustee was enforceable despite the debtor's claim he was not mentally competent to execute the settlement. 428 F.3d 893, 897–98 (9th Cir. 2005). The debtor appealed this decision to the district court. Id. at 898. While this appeal was pending before the district court, the trustee filed an application for entry of judgment pursuant to the terms of the settlement agreement in the bankruptcy court. Id. The bankruptcy court granted the trustee's application. Id. On appeal from the district court, the

Ninth Circuit found that the bankruptcy court had jurisdiction to grant this application. Id. at 903–04. In determining that the trustee was entitled to judgment pursuant to the settlement agreement, the bankruptcy court necessarily considered whether the debtor had complied with the terms of the settlement agreement. Indeed, the trustee's request "was prompted by [debtor's] failure to pay $250,000 by the . . . due date" contemplated by the settlement agreement. Id. Thus, a court may consider facts that occur <u>after</u> an appealed judgment has been rendered in determining whether to enforce that judgment. The Court therefore finds that it was proper to consider the terms and conditions Defendant tried to attach to the AOAO Offer.

Defendant's primary contention is that the Enforcement Order fundamentally and improperly altered and reinterpreted the nature of the parties' rights under the ROFR in ways not contemplated by the FFCL. (Mot. at 5; Reply 6–7.) The Court finds this argument also lacks merit. In the Enforcement Order, the Court merely considered the new evidence—the terms and conditions Defendant tried to attach to the AOAO Offer—in light of its earlier conclusions in the FFCL.

Defendant's major concern seems to arise from the following paragraph in the Enforcement Order:

8

> Looking only to the four corners of the ROFR, the Court concludes that Defendant cannot impose the Commercial Declaration and the Assignment of Developer's Rights on Plaintiff's purchase of the KOD Commercial Apartments. Nothing in the portion of Section 17 that creates Plaintiff's option indicates that Defendant will be permitted to impose restrictions on Plaintiff's use of the KOD Commercial Apartments. Furthermore, the FFCL interpreted Section 1(a) as requiring that the terms and conditions in the Sale Notice be based on, inter alia, the "agreement pursuant to which such sale, lease, or other transfer is intended to be effected[.]" (FFCL ¶ 119; Joint Ex. 510 ¶ 1(a).) Here, the "agreement pursuant to which such sale . . . is intended to be effected" is Plaintiff's option provided for in Section 17, but nothing in Section 17 suggests that Defendant may impose terms and conditions on Plaintiff's use of the KOD Commercial Apartments. Accordingly, for the terms and conditions of the Sale Notice to be based on the parties' agreement, the KOD Commercial Apartments cannot be encumbered by either the Commercial Declaration or the Assignment of Developer's Rights, neither of which are provided for in Section 17.

(Enforcement Order at 10–11 (emphasis added).) Indeed, Defendant makes much of the Court twice stating that it would look "to the four corners" of the ROFR to determine the parties' rights. (Mot. at 3; Reply at 6–7.) The Court did not, however, look to the "four corners" of the ROFR to determine anything other than what it had already decided in the FFCL.

As recognized in the Enforcement Order, the FFCL states clearly that Section 17 of the ROFR contains both a right of first refusal and an option to purchase the KOD Commercial Apartments. (Enforce. Order at 8; FFCL ¶¶ 116–20.) In the Enforcement Order, the Court also stated:

9

> Section 1 of the ROFR provides that should Defendant decide to sell, lease, or otherwise transfer one or more of the KOD Commercial Apartments, Defendant shall first offer to sell Plaintiff the KOD Commercial Apartments on certain terms and conditions set forth in a "Sale Notice." (Joint Ex. 510 ¶ 1(a)-(c); FFCL ¶ 119.) Section 1 also states that the terms and conditions in the Sale Notice shall be based on, inter alia, the "agreement pursuant to which such sale, lease, or other transfer is intended to be effected[.]" (Joint Ex. 510 ¶ 1(a); FFCL ¶ 119.)

(Enforcement Order at 9.) Although not explicit, the basis for these assertions were not the documents themselves but clearly the FFCL as evinced by the citations. Indeed, in nearly every citation to the ROFR in the Discussion Section of the Enforcement Order, the Court provided a parallel citation to the FFCL to illustrate where in the FFCL the Court made the corresponding finding.[5]

The Court continued, "As set forth in the FFCL, by the terms of the option, Plaintiff may force Defendant to sell the KOD Commercial Apartments to it for $1. (See FFCL ¶ 119–20; Joint Ex. 531 ¶ 3.)" (Enforce. Order at 10.) Further, "the FFCL interpreted Section 1(a) as requiring that the terms and conditions in the Sale Notice be based on, inter alia, the 'agreement pursuant to which such sale, lease, or other transfer is intended to be effected.' " (Enforce.

---

[5] The lone exception is a citation where the Court block quoted Section 1(c) of the ROFR. (Enforcement Order at 10.) The Court, however, discussed Section 1(c) and its interplay with other Sections of the ROFR at length in the FFCL. (See FFCL at ¶¶ 13, 19, 118, 119.)

Order at 10–11 (citing and quoting FFCL ¶ 119; Joint Ex. 510 ¶ 1(a)).) Given the new evidence Plaintiff brought to the Court's attention, "the 'agreement pursuant to which such sale . . . [was] intended to be effected' [was] Plaintiff's option provided for in Section 17." (Enforcement Order at 11 (quoting FFCL ¶ 119).) Section 17, according to the FFCL, states plainly:

> Defendant will present an offer to the AOAO for the AOAO to purchase the KOD Commercial Apartments for a purchase price of $1 within thirty (30) days [of a triggering event.]

(FFCL ¶ 118; Enforcement Order at 9.) The Court concluded that Defendant, by attaching conditions to the AOAO Offer not contemplated by the FFCL, acted contrary to the Court's findings in paragraphs 118 and 119 and ordered compliance.[6] (Enforcement Order at 14.) Thus, the Enforcement Order did nothing more than ensure that Defendant complied with the FFCL by requiring the Defendant to sell the KOD Commercial Apartments to Plaintiff pursuant to the option granted in Section 17 as contemplated by the FFCL and exclusive of further conditions.[7] (Enforce. Order at 14.)

---

[6] That the Court discussed Section 17 of the ROFR directly instead of through the lens of the FFCL does not alter this underlying rational. (See Enforce. Order at 11.)

[7] Defendant also complains that the Enforcement Order converted "limited declaratory relief into a decree for specific performance." (Reply at 7.) The Court
(continued...)

The Court did not, therefore, revise its earlier judgment "by adjudicating an issue of contractual interpretation" as Defendant contends. (Reply at 7.) Nor did the Court "dramatically alter the status quo . . . by finally adjudicating substantial rights directly involved in the appeal . . . ." (Id.) Instead, the Court ordered Defendant's compliance with an issue already adjudicated by the Court in the FFCL. Specifically, the Court found its interpretation of Section 1(a) in paragraph 119 of the FFCL precluded Defendant from imposing additional conditions on the AOAO Offer because paragraph 118 of the FFCL—which discussed Section 17 of the ROFR—did not contemplate such conditions. Accordingly, Defendant's Motion for Reconsideration must be **DENIED**.

---

[7](...continued)
agrees but does not see how this alters the rights of the parties such that the Court is divested of jurisdiction. The Ninth Circuit has been clear that despite an appeal, a court "retains jurisdiction to <u>implement or enforce</u> the judgment or order . . . ." In re Padilla, 222 F.3d at 1190 (emphasis added). Given the circumstances, enforcement here necessarily required a decree of specific performance.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Enforce Findings of Fact, Conclusions of Law and Judgment. (Doc. # 419).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 21, 2011.

David Alan Ezra
United States District Judge

Ko Olina Development, LLC v. Centex Homes, et al., Cv. No. 09-00272 DAE-LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT